## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**RICKY FRYAR,**

     **Plaintiff,**

**v.**

**THE KROGER CO.,**
**KROGER LIMITED PARTNERSHIP I, and**
**ASSEMBLED PRODUCTS CORPORATION of ROGER, ARKANSAS,**

     **Defendants.**

**DOCKET NO.:** CT-1259-21
**DIVISION:** VIII
**JURY DEMANDED**

FILED
MAR 29 2021
CIRCUIT COURT CLERK
BY_____D.C.

---

### COMPLAINT FOR DAMAGES

---

**COMES NOW,** Plaintiff Ricky Fryar, by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and files this Complaint for Personal Injuries against Defendant Kroger Co., Kroger Limited Partnership I and Assembled Products Corporation of Roger Arkansas ("APC"), would respectfully state unto this Honorable Court the following, to wit:

### PARTIES

1.    Plaintiff, Ricky Fryar, (hereafter "Plaintiff") is an adult resident of Collierville, Shelby County, Tennessee.

2.    Upon information and belief, Defendant Kroger Co. (hereafter Defendant "Kroger") is a duly qualified and licensed corporation doing business in the State of Tennessee where its principal address is 1014 Vine Street, Cincinnati, OH 45202-1100. Upon information and belief and in addition and/or in the alternative, at all times relevant herein, Defendant Kroger was the owner, co-owner, operator and/or manager of the premises located at 240 Byhalia Rd.

Collierville, TN 38017. Defendant Kroger's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3.        Upon information and belief, Defendant Kroger Limited Partnership I is a duly limited partnership doing business in the State of Tennessee with its principal address is 1014 Vine Street, Cincinnati, OH 45202-1100.  Upon information and belief and in addition and/or in the alternative, at all times relevant herein, Defendant Kroger Limited Partnership I was the owner, co-owner, operator and/or manager of the premises located at 240 Byhalia Rd. Collierville, TN 38017. Defendant Kroger's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

4.        Upon information and belief, Defendant Assembled Products Corporation ("APC") of Roger, Arkansas is a corporation doing business in Arkansas with its principal address identified as 115 E. Linden St., Rogers, Arkansas 72756. Upon information and belief and in addition and/or alternative, at all relevant times herein, Defendant APC was the entity responsible for manufacturing, selling, servicing, maintaining, and/or repairing the motorized shopping cart ("Mart Cart") utilized by patrons at the Kroger Grocery store located at 240 Byhalia Rd. Collierville, Tennessee 38017. Defendant APC's registered agent for service of process is Erin Kiefer at 115 Linden St., Roger, Arkansas 72756.

## JURISDICTION AND VENUE

5.        This Court has *in personam* jurisdiction over Defendants because the negligent acts and omissions of Defendants were committed in whole or in part in the State of Tennessee against a resident of the State of Tennessee.

2

6.      Venue is properly situated in the Court pursuant to *inter alia*, Tenn. Code Ann. § 20-4-101 since the acts of negligence occurred in Shelby County and because the Plaintiff resides in Shelby County.

7.      Plaintiff is asserting a general negligence claim against the Defendants arising out or the creation of a dangerous condition and dangerous policies and procedures on the premises and failure to warn patrons.

## FACTS

8.      Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

9.      At all times pertinent to this Complaint, Defendants Kroger and Kroger Partnership I owned, operated and/or controlled a grocery store called The Kroger Co., with a location at 240 Byhalia Rd., Collierville, Tennessee 38017. Upon information and belief, Defendants, through various advertising media, solicits the business of individuals, including Plaintiff, and invites all members of the general public to its premises for the purpose of browsing their store for items to purchase. In order to facilitate such purchases, Defendants, Kroger Co, Kroger Partnership I and APC, provides patrons that have mobility challenges or injuries with motorized shopping carts, Mart Carts, in order to collect the items patrons wish to purchase.

10.     At all pertinent times. APC engaged in the marketing, selling, servicing, maintaining, and/or repairing of the Mart Carts utilized by patrons at the Kroger grocery store located at 240 Byhalia Rd., Collierville, Tennessee, including the Mart cart involved in this incident. Upon information and belief, APC was obligated under contract with Kroger to service, maintain, and/or repair the Mart Carts utilized by patrons at the Kroger grocery store located at 240 Byhalia Rd., Collierville, Tennessee, including the Mart card involved in this incident.

3

Plaintiff is therefore a third-party beneficiary of the contract between APC and Kroger and as such, the Defendants owed a duty of reasonable care to Plaintiff.

11.     On or about April 26, 2020, Plaintiff was a patron on the premises of said grocery store. On that occasion, Plaintiff utilized the Mart cart provided by Defendants in order to collect items he would choose to purchase. While unplugging the Mart cart to be used, he was electrocuted by the frayed wire without warning which resulted in electric shock injury.

12.     As a direct and proximate result of the aforementioned dangerous condition, Plaintiff Ricky Fryar sustained serious and severe injuries to his person and was transported by ambulance to Baptist Memorial Hospital with chest pains, injuries to his right hand and right mid-upper arm, headache, numbness and decreased sensation.

13.     As a result of Defendants' negligence, Plaintiff complained of an immediate headache and palpitations. He noted numbness and tingling involving the 4th and 5th digits with aching pain involving those digits, the medial aspect of the forearm and the arm o the shoulder.

14.     The injuries he sustained severely decreased his overall mobility as such that on May 2, 2020, Plaintiff sustained injuries to his left side when his scooter tipped over sustaining a cervical fracture. At the time of the fall, Plaintiff was still experiencing weakness, numbness, tingling and great pain from the electrical shock injuries he sustained as a direct and proximate result of the dangerous conditions he was exposed to while at the Kroger Store located at 240 Byhalia Rd., Collierville, Tennessee.

15.     At all times relevant to this Complaint, Defendants had actual and/or constructive knowledge of the dangerous condition that caused Plaintiff to suffer injuries because the dangerous condition was created by the Defendants when the management failed to recognize and remove the defective Mart cart.

4

16.     Defendants knew or should have known of the dangerous condition, as Defendants' employees and/or agents were charged with maintaining the premises, more importantly the Mart carts provided to patrons.

17.     At all times relevant hereto, Plaintiff Ricky Fryar acted in a careful, prudent, and cautious manner in his intended use of the Mart cart.

## CAUSE OF ACTION
## NEGLIGENCE

18.     Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

19.     As a proprietor inviting persons onto its premises and encouraging invitees to utilize Defendants' Mart cart to facilitate purchases, Defendants owed a duty to the invitees, including Plaintiff Ricky Fryar, to use ordinary and reasonable care under the circumstances.

20.     Defendants breached their duty to the Plaintiff in each of, but not limited to, the following ways:

   a.   Failure to maintain the Mart cart with the degree of care and caution required of a reasonable and prudent person or party under similar circumstances;

   b.   Failure to properly maintain the premises in a reasonable and safe condition;

   c.   Failure to inspect the Mart cart for dangerous condition in a timely manner;

   d.   Failure to remove and/or repair the Mart cart thereby allowing a dangerous condition to exist;

   e.   Failure to enact and enforce policies and procedures to maintain the Mart carts in a reasonable and safe condition; and

   f.   Failure to timely warn patrons, including Plaintiff Ricky Fryar, of the dangerous condition.

21.     Defendants created a dangerous condition by failing to maintain the Mart cart in a

5

manner that threatened the health and safety of their guests, including Plaintiff Ricky Fryar. In the alternative, Defendants knew of the conditions and failed to warn Plaintiff Ricky Fryar.

22.     Defendants by and through the actions and/or inactions of their employees and/or agents were negligent in their failure to warn Plaintiff of the possibility of injury while on the premises.

23.     In the alternative, Defendants knew of the dangerous condition and failed to warn Plaintiff Ricky Fryar.

24.     In the alternative, Defendants should have discovered and corrected or adequately warned of the dangerous condition before Plaintiff was exposed to it.

25.     The Plaintiff would further state and show unto this Honorable Court that the dangerous condition described herein was created by the Defendants and/or the Defendants' agents, servants, or employees, and that the Defendants failed to take reasonable steps to remedy this dangerous condition.

## COMPENSATORY DAMAGES

26.     Plaintiff adopts by reference the foregoing paragraphs as if fully set forth herein.

27.     Plaintiff charges and alleges that as a result of the negligence of the Defendants', Plaintiff suffered severe, serious and permanent injuries, including, but not limited to the following:

    a.  Palpitations;

    b.  Chest pain;

    c.  Right side weakness and upper extremity pain;

    d.  Cervical fracture;

e.   Medical expenses, past, present and future;

f.   Severe pain and suffering;

g.   Loss of the enjoyment of life;

h.   Loss of consortium;

i.   Injuries both temporary and permanent in nature;

j.   Prejudgment and/or post judgement interest to the extent permitted by law; and

k.   Severe fright and shock.

28.      Plaintiff further seeks damages for personal injury, pain and suffering, and punitive damages, in an amount to be proven at trial from the Defendants' gross negligence.

### RELIEF SOUGHT

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully prays:

1.      That the Plaintiff, Ricky Fryar be awarded the present cash value of any medical care and treatment that he has or will have to undergo;

2.      That Plaintiff be awarded special damages for medical, hospital and doctors' expenses according to proof;

3.      That Plaintiff be awarded compensatory damages in the amount of One Million and no/100ths Dollars ($1,000,000.00) in actual, compensatory, and punitive damages;

4.      That Plaintiff be awarded post-judgement interests as allowed by law;

5.      That a jury be empaneled to try the issues when joined;

6.      Any and all such further relief as the Court may deem just and equitable; and

7.      The reservation of Plaintiff's right to amend these pleadings to conform to the facts of this matter.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**


Ethan D. Sandifer (TN 35310)
John Michael Bailey (TN 6941)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF TENNESSEE FOR THE
THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RICKY FRYAR,
    Plaintiff,

v.

THE KROGER CO.,
KROGER LIMITED PARTNERSHIP I, and
ASSEMBLED PRODUCTS CORPORATION OF ROGER ARKANSAS,

    Defendants.

DOCKET NO.: CT1259-21
DIVISION: VIII
JURY DEMANDED

---

### REQUEST FOR ADMISSIONS TO DEFENDANT, THE KROGER CO.

---

**COMES NOW**, Plaintiff Ricky Fryar, by and through their counsel, and propounds the following Requests for Admissions to Defendant The Kroger Co. Pursuant to Tennessee Rule of Civil Procedure 36, Defendant must admit, specifically deny, or state in detail the reasons why Defendant cannot admit or deny each request for admission. If Defendant fails to respond to these requests within requisite time, they shall be deemed admitted. Plaintiff states:

### <u>REQUESTS</u>

REQUEST NO. 1: Admit that Plaintiff was a patron at Kroger at 240 Byhalia Rd., Collierville, Tennessee on April 26, 2020.

REQUEST NO. 2: Admit that you contracted Assembled Products Corporation to service, maintain and inspect the Mart carts at the Kroger store at 240 Byhalia Rd., Collierville, Tennessee during the period from January 1, 2020 up through April 27, 2020.

REQUEST NO. 3: Admit that the Mart cart utilized by Plaintiff on or about April 26, 2020 was cleaned and inspected by Assembled Products Corporation as part of an annual service for carts at the Kroger store on or about April 26, 2020.

REQUEST NO. 4:  Admit that You do not require the approval of any other person and/or entity in order to remove any of the Mart carts from use by patrons from January 1, 2020 through April 26, 2020.

REQUEST NO. 5:  Admit that Plaintiff was a patron at the Kroger store at 240 Byhalia Road on April 26, 2020.

REQUEST NO. 6: Admit that while Plaintiff was a patron at the Kroger store at 240 Byhalia Road on April 26, 2020, that Plaintiff attempted to utilize one of Defendants' Kroger Mart cart in order to collect items that he chose to purchase.

REQUEST NO. 7:  Admit that Plaintiff attempted to unplug the Mart cart provided by you on April 26, 2020.

REQUEST NO. 8: Admit that Plaintiff was electrocuted by the frayed wires connected to the Mart cart on April 26, 2020.

REQUEST NO. 9: Admit that as a direct and proximate result of Plaintiff's electrocution at the Kroger at 240 Byhalia Road on April 26, 2020, that Plaintiff had to be transported by ambulance to a hospital.

REQUEST NO. 10: Admit that as a direct and proximate result of Plaintiff's electrocution, he sustained palpitations, injury to his right hand and arm and numbness and weakness to his injured hand and arm on April 26, 2020.

REQUEST NO. 11: Admit that a member of management was notified of the subject incident.

REQUEST NO. 12: Admit that a member of management completed an incident report regarding the subject incident.

REQUEST NO. 13: Admit that management investigated the events of the subject incident.

REQUEST NO. 14: Admit that management prepared a written report of the investigation.

REQUEST NO. 15: Admit that management retained said written report.

REQUEST NO. 16: Admit/deny that The Kroger Co. is the proper party or is a party to this suit.

REQUEST NO. 17: Admit/ deny that service of process is proper.

REQUEST NO. 18. Admit/deny that service is within one year of the date of the injury complained herein.

Respectfully submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
John Michael Bailey (TN 6941)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorneys for Plaintiff*

*SERVED WITH COMPLAINT*

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**RICKY FRYAR,**
    **Plaintiff,**

**v.**

**THE KROGER CO.,**
**KROGER LIMITED PARTNERSHIP I, and**
**ASSEMBLED PRODUCTS CORPORATION OF ROGER ARKANSAS,**

    **Defendants.**

**DOCKET NO.:** CT-1239-21
**DIVISION:** VIII
**JURY DEMANDED**

FILED
MAR 29 2021
CIRCUIT COURT CLERK
BY_____D.C.

---

## REQUEST FOR ADMISSIONS TO DEFENDANT, ASSEMBLED PRODUCTS CORPORATION OF ROGER, ARKANSAS

---

    **COMES NOW**, Plaintiff Ricky Fryar, by and through their counsel, and propounds the following Requests for Admissions to Defendant Assembled Products Corporation of Roger, Arkansas. Pursuant to Tennessee Rule of Civil Procedure 36, Defendant must admit, specifically deny, or state in detail the reasons why Defendant cannot admit or deny each request for admission. If Defendant fails to respond to these requests within requisite time, they shall be deemed admitted. Plaintiff states:

### <u>REQUESTS</u>

    REQUEST NO. 1: Admit that you were contracted by Defendants Kroger Co and Kroger Limited Partnership I to service, maintain and inspect the Mart carts at the Kroger store at 240 Byhalia Rd., Collierville, Tennessee during the period from January 1, 2020 up through April 27, 2020.

REQUEST NO. 2: Admit that the Mart cart utilized by Plaintiff on or about April 26, 2020 was cleaned and inspected by Assembled Products Corporation as part of an annual service for carts at the Kroger store on or about April 26, 2020.

REQUEST NO. 3: Admit that You do not require the approval of any other person and/or entity in order to remove any of the Mart carts from use by patrons from January 1, 2020 through April 26, 2020.

REQUEST NO. 4: Admit that Plaintiff was a patron at the Kroger store at 240 Byhalia Road on April 26, 2020.

REQUEST NO. 5: Admit that while Plaintiff was a patron at the Kroger store at 240 Byhalia Road on April 26, 2020, that Plaintiff attempted to utilize one of Defendants' Kroger Mart cart in order to collect items that he chose to purchase.

REQUEST NO. 6: Admit that while Plaintiff attempted to unplug the Mart cart provided by you on April 26, 2020.

REQUEST NO. 7: Admit that Plaintiff was electrocuted by the frayed wires connected to the Mart cart on April 26, 2020.

REQUEST NO. 8: Admit that as a direct and proximate result of Plaintiff's electrocution at the Kroger at 240 Byhalia Road on April 26, 2020, that Plaintiff had to be transported by ambulance to a hospital.

REQUEST NO. 9: Admit that as a direct and proximate result of Plaintiff's electrocution, he sustained palpitations, injury to his right hand and arm and numbness and weakness to his injured hand and arm on April 26, 2020.

REQUEST NO. 10: Admit that the medical treatment rendered to Ricky Fryar for the injuries suffered as a result of the incident was medically necessary.

REQUEST NO. 11: Admit that a member of management was notified of the subject incident.

REQUEST NO. 12: Admit that a member of management completed an incident report regarding the subject incident.

REQUEST NO. 13: Admit that management investigated the events of the subject incident.

REQUEST NO. 14: Admit that management prepared a written report of the investigation.

REQUEST NO. 15:  Admit that management retained said written report.

REQUEST NO. 16: Admit/deny that Assembled Products Corporation is the proper party or is a party to this suit.

REQUEST NO. 17: Admit/ deny that service of process is proper.

REQUEST NO. 18. Admit/deny that service is within one year of the date of the injury complained herein.

Respectfully submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan D. Sandifer (TN 35310)
John Michael Bailey (TN 6941)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorneys for Plaintiff*

*SERVED WITH COMPLAINT*

62

## IN THE CIRCUIT COURT OF TENNESSEE FOR THE
## THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

RICKY FRYAR,

       Plaintiff,

v.

THE KROGER CO.,
KROGER LIMITED PARTNERSHIP I, and
ASSEMBLED PRODUCTS CORPORATION OF ROGER ARKANSAS,

       Defendants.

DOCKET NO.: CT-1289-21
DIVISION: VIII
JURY DEMANDED

FILED
MAR 28 2021
CIRCUIT COURT CLERK
BY_____D.C.

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, KROGER CO.

---

**COMES NOW,** Plaintiff Ricky Fryar, (hereafter "Plaintiff"), by and through undersigned counsel, pursuant to the Tennessee Rules of Civil Procedure, and propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant, Kroger Co. (hereafter "Defendant"), to be answered under oath pursuant to the Tennessee Rules of Civil Procedure, to-wit:

### INSTRUCTIONS

1.   Each Interrogatory shall be continuing so as to require you to file supplemental answers pursuant to the Tennessee Rules of Civil Procedure.

2.   Each Interrogatory calls for information in the named Defendant's possession, custody or control, or in the possession, custody or control of Defendant's present or former officers, directors, employees, representatives, agents, consultants, contractors, subcontractors, and legal counsel, unless privileged or otherwise protected.

3.   With respect to any information that is withheld on a claim of privilege, provide at the time of responding to these Interrogatories, a statement signed by an attorney representing Defendant

setting forth as to each such item of information withheld:

      a.   The identity of the person(s) having knowledge of the information;

      b.   The identity of all persons to whom the information was communicated or otherwise made available;

      c.   The job title or position of every person identified in response to subparagraphs (a) and (b);

      d.   The date(s) on which the information was received or became known by each person having knowledge of its existence;

      e.   A brief description of the nature and subject matter of the information; and

      f.   The statute, rule, or decision that is claimed to give rise to the privilege.

4.      Each part of the following Interrogatories, whether a numerical paragraph or one of the subparagraphs, is to be answered separately and fully.

5.      If objection is made to an Interrogatory, or any portion thereof, the Interrogatory or portion thereof shall be specified and, as to each, all reasons for objections shall be stated fully by the responding party.

6.      If all the information furnished in an answer to all or any part of an Interrogatory is not within the personal knowledge of the person signing the Interrogatory, identify each person to whom all or any part of the information furnished is a matter of personal knowledge, and each person who communicated to the person signing the Interrogatory any part of the information furnished.

7.      If the answer to all or any part of the Interrogatory is not presently known or available, include a statement to that effect, furnish the information known or available, and respond to the entire Interrogatory by supplemental answer in writing and under oath immediately after the

2

time the answer becomes known or available.

## DEFINITIONS

As used herein:

1.     "And" includes "or" and "or" includes "and"; "any" includes "all" and "all" includes "any"; "each" includes "every" and "every" includes "each".

2.     "Company" or "entity" means any form of business, wherever organized, including, without limitation, any corporation, sole proprietorship, partnership (general or limited), joint venture, association, group, government agency and agent, firm or other business enterprise or legal entity which is not a natural person, and means both the singular and plural.

3.     "Define" when used with reference to a phrase or term, means (a) state the meaning of the phrase or term; and (b) identify each person known by Defendant to have personal knowledge regarding the meaning of such phrase or term upon whose testimony Defendant presently intends to rely at trial.

4.     "Describe" means to explain fully by reference to underlying facts rather than conclusions of fact or law.

5.     "Document" means originals or any exact copies of written, recorded, transcribed, punched, filmed, taped, or graphic matter, however and by whomever prepared, produced, reproduced, disseminated or made, including, but not limited to, any memoranda, inter-office or intra-office communications, letters, studies, reports, summaries, articles, releases, notes, records of conversation, minutes, statements, comments, speeches, testimony, notebooks, drafts, data sheets, work sheets, records, statistics, charts, contracts, diaries, bills, accounts, graphics or oral records, representations of any kind (including, without limitation, photographs, plats, charts, graphs, microfiche, microfilm, video tape recordings and motion pictures), tapes, data procession sheets or

3

cards, computer or word processing disks, or other written, printed, typed, aural, or recorded material in the possession, custody or control of Defendant. The term "document" also means all copies or reproductions of all the foregoing items upon which notations in writing, print, or otherwise have been made that do not appear on the originals. To the extent the data processing cards, magnetic tapes, or other computer-related materials are produced, produce all programs, instructions, and other similarly related information necessary to read, comprehend and otherwise utilize said data processing cards, magnetic tapes, or other computer-related materials.

6.      "Identify", when used with reference to a natural person, means to state his or her (a) full name; (b) present business and/or residence address and telephone numbers: (c) present business affiliation, address, title or position; (d) if different from (c), the group, origination or business the person was representing at any time relevant to the answer to a specific Interrogatory; and (e) home address. If this information is not known, furnish such information as was last known.

7.      "Identify", when used with reference to a business entity, means to state its (a) full name; (b) form of organization (e.g., corporation, partnership); (c) place of incorporation; and (d) address of its principal place of business. If this information is not known, furnish such information as was last known.

8.      "Identify", when used in reference to an act, action, activity, omission, or event, means to state (a) the identity of each person who participated in such act, action, activity, omission, or event in detail; and (c) the identity of each person having knowledge of the act, action, activity, omission, or event.

9.      "Identify", when used in reference to a document, means to state (a) the type of document or some other means of identifying it (e.g., letter, memorandum, report, etc.); (b) its subject matter; (c) the identity of its author(s), signer(s), and any person who participated in its

4

preparation; (d) the identity of each addressee or recipient; (e) the identity of each person to whom copies were sent and each person by whom copies were received; (f) its title and date; and (g) its present location and the identity of its custodian (if any such document was, but is no longer in, the possession of or subject to the control of the Defendant, state what and when disposition was made of it).

10.    "Identify", when used with reference to a conversation, oral communication, discussion, oral statement or interview, means (a) state the date upon which it took place; (b) identify each person who participated in it, witnessed it and/or overheard it; (c) state what was said by each such person, including the issues and matters discussed; and (d) identify each document which describes or relates to it.

11.    "Individual" or "person" means any natural person, including, without limitation, an officer, director, employee, agent, representative, distributor, supplier, independent contractor, licensee or franchisee, and it includes any corporation, sole proprietorship, partnership, joint venture, group, government agency and agent, firm or other business enterprise or legal entity, which is not a natural person, and means both are singular and the plural.

12.    "The parties" as used herein shall be interpreted to refer to all parties to this litigation.

13.    "You" and "your" means the party answering the Interrogatory or responding to the Request for Production of Documents.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   State the name, address, and phone number of the person answering for the Defendant.

**INTERROGATORY NO. 2:**   State the position within the corporation of the person

5

answering these interrogatories.

**INTERROGATORY NO. 3:** Please state if the person answering these interrogatories has corporate authority to answer on behalf of the corporation.

**INTERROGATORY NO. 4:** Has the corporate entity been correctly identified. If the answer is no, please state the correct name of the corporate entity.

**INTERROGATORY NO. 5:** Please state affirmatively if the Defendant is the proper party or a proper party in this lawsuit. If not, who is?

**INTERROGATORY NO. 6:** If you assert, in whole or in part, that process or service of process was insufficient, please state the complete factual basis for your denial or qualification, citing all ways in which you believe process or service of process was insufficient, and identifying all witnesses and/or documents which support such a defense.

**INTERROGATORY NO. 7:** Please identify all persons with knowledge, known to you of the incident, whether or not you intend to call them as a witness, along with their address and phone number.

**INTERROGATORY NO. 8:** For all such persons identified in Interrogatory number 7, please give a description of their knowledge of the incident.

**INTERROGATORY NO. 9:** Who was the manager on duty at the time of the incident, along with their address and phone number.

**INTERROGATORY NO. 10:** Please state the managers understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 11:** Please state all other employees who witnessed the incident, before, during and after along with their addresses, and phone numbers.

**INTERROGATORY NO. 12:** With all persons identified in the Interrogatory number 11,

state their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 13:**   Please state any other individual not employed by Defendant, who witnessed the incident or has knowledge of incident, along with their addresses and phone numbers.

**INTERROGATORY NO. 14:**  With regard the individuals listed in Interrogatory number 13, state their understanding of the incident, the causes of the incident, and the Plaintiff's injuries that were complained of by the Plaintiff.

**INTERROGATORY NO. 15:**  Please identify the entities or individual/s who investigated the incident.

**INTERROGATORY NO. 16:**   Please identify the individual who authored the investigative report.

**INTERROGATORY NO. 17:**  Please identify the entities or individual/s who are in possession of the investigative report.

**INTERROGATORY NO. 18:**  Please state the corporate policies for locating dangerous conditions and correcting those conditions.

**INTERROGATORY NO. 19:**  Please describe any changes that have been made and/or implemented to the examination, inspection, and/or maintenance of the Mart cart utilized by patrons from January 1, 2020 until the present at that Kroger store at 240 Byhalia Road, Collierville, TN.

**INTERROGATORY NO. 20:**  Did you require the approval of any other person and/or entity in order to remove any of the Mart carts utilized by patrons from January 1, 2020 until the present at the Kroger store located at 240 Byhalia Road, Collierville, TN and if so, identify such Person or entity.

**INTERROGATORY NO. 21:**  Please identify each and every person, employee, manager, assistant manager, etc. with any direct or indirect responsibility for the examination, inspection, and/or maintenance of the Mart carts utilized by patrons from January 1, 2020 until the present at the Kroger store at 240 Byhalia Road, Collierville, TN. The scope of this interrogatory includes the identities of individuals having such responsibilities before, after, or at the time of the subject incident.

**INTERROGATORY NO. 22:**  Please identify any other commercial store or other propertied operated, owned, managed, supervised by the Person(s) or business of Defendants which used the same model and/or manufacturer of the shopping carts utilized by patrons at the Kroger store at 240 Byhalia Road, Collierville, TN.

**INTERROGATORY NO. 23:**  For each expert witness whom you intend to call as a witness at the trial of this case, please state the following specific information:

  a.  The name, home and business address, area of specialty and a full description of his/her training, education and practical experience in the field in which he or she will be offered as an expert;

  b.  The subject matter on which the expert is expected to testify;

  c.  The substance of the facts and opinions to which the expert is expected to testify; and

  d.  A summary of the ground for each such opinion.

**INTERROGATORY NO. 24:**  Please identify and describe in full and complete detail any oral or written communications, proposals, offers or solicitations for the examination, inspection, and/or maintenance of the Mart cards utilized by patrons from January 1, 2020 until the present at the Kroger store at 240 Byhalia Road, Collierville, TN.

**INTERROGATORY NO. 25:**  Do you know of the existence of any photographs of the

scene of the incident or any object or person involved in said incident sued upon? If so, please state the number of photographs, date taken, describe what they depict and state the name, address and telephone number of the person(s) taking such photographs, and the current location of such photographs.

**INTERROGATORY NO. 26:**    Please state whether or not you have a copy of any statement which Plaintiff has previously made concerning this action or its subject matter and which is in your possession, custody or control.

**INTERROGATORY NO. 27:** Please identify any claims or demands made or civil suits filed against you which include, but are not limited to, allegations of failure to maintain or warn of dangers of the Mart cars utilized by patrons from January 1, 2020 until the present at the Kroger store at 240 Byhalia Road, Collierville, TN.

**INTERROGATORY NO. 28:**    State the policy of Kroger for rendering aid to injured persons at the Kroger store located at 240 Byhalia Road, Collierville, TN.

**INTERROGATORY NO. 29:**    Has the Defendant, or anyone acting on his behalf, had Plaintiff, under surveillance or made any observations concerning his activities during any period of time since the date of his injuries as noted in the Complaint, and if so, please state the following:

      a.  Each date such surveillance was maintained;

      b.  The name, address, and job title of each investigator and/or other person who maintained such surveillance;

      c.  The location of each camera;

      d.  The number of cameras in the camera surveillance system

      e.  The activities in which Plaintiff was engaged during any such period of surveillance; and

9

f.   Each location at which surveillance was maintained.

**INTERROGATORY NO. 30:**   Do you assert comparative fault on the Plaintiff and identify witnesses who support that contention along with their addresses, and phone numbers.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please produce all documents relied upon to answer the preceding Interrogatories.

**REQUEST NO. 2:**   Please produce copies of all training manuals that were in effect on the date of the incident.

**REQUEST NO. 3:**   Please produce copies of all inspection logs for February 23, 2020, which is the subject of this lawsuit.

**REQUEST NO. 4:**   Please produce a copy of the incident report and any subsequent investigative report made regarding the incident in question.

**REQUEST NO. 5:**   Please produce a copy of the Plaintiff's statement.

**REQUEST NO. 6:**   Please produce copies of any photographs, motion pictures, video recordings, tape recordings, and any other similar documents or things depicting the scene of the incident or any object or person involved in the incident.

**REQUEST NO. 7:**   All studies, surveys, reports, analysis, correspondence, memoranda, or any other Documentation relating to the display of furniture on or about the premises which is accessible to customers or patrons at the Kroger store located at 5955 Stage Road from January 1, 2020 until the present.

**REQUEST NO. 7:**   All studies, surveys, reports, analysis, correspondence, memoranda,

10

or any other Documentation relating to furniture displayed at the front entrance of the store which is accessible to customers or patrons at the Kroger store located at 5955 Stage Road from January 1, 2020 until the present.

**REQUEST NO. 8:** All Documents concerning any and all examination inspections, and/or maintenance of the staging area for furniture which is accessible to customers or patrons at the Kroger store located at 5955 Stage Road from January 1, 2020 until the present.

**REQUEST NO. 9:** All Documents concerning claims, incidents, accidents, or complaints from customers or patrons of the Kroger store located at 5955 Stage Road regarding furniture or outdoor displays for purchase by customers or patrons from January 1, 2020 until the present.

**REQUEST NO. 10:** All Documents concerning any changes that have been made and/or implemented to the examination, inspection, and/or maintenance of the staging area for furniture or any other outdoor displays which is accessible to patrons or customers from January 1, 2020 until the present at the Kroger store located at 5955 Stage Road.

**REQUEST NO. 11:** Any and all the videos, electronic recordings, digital recordings, photographs, witness statements, incident reports, and/or internal investigation reports for the event of February 23, 2020 which is the subject of this lawsuit.

**REQUEST NO. 12:** All Documents showing the Identities of every employee, licensee and/or Person who was present in the Kroger store located at 5955 Stage Road on February 23, 2020.

**REQUEST NO. 13:** Any and all Documents concerning any and all communications with employees or independent contractors relating to the examination, inspection, and/or maintenance of the staging area(s) for furniture or other outdoor displays from January 1, 2020,

11

including but not limited to letters, memoranda, texts, or e-mails, documents sent to, received

from, or exchanged with such third parties.

**REQUEST NO. 14:** Any and all Documents, photos, statements, or any other evidence

including demonstrative evidence and impeachment witnesses which you intend to introduce into

evidence at trial.

**REQUEST NO. 15:** Any and all incident reports produced by or provided to You

regarding claims, incident, accidents, or complaints from customers or patrons of the Kroger

store at 5955 Stage Road regarding the staging and/or display of furniture or other outdoor

displays.

Respectfully Submitted,

**JOHN MICHAEL BAILEY INJURY LAWYERS**

Ethan Sandifer, (TN 35310)
John Michael Bailey (TN 6941)
5978 Knight Arnold Road, Suite 400
Memphis, TN 38115
Phone: (901) 529-1111
Fax: (901) 529-1017
*Attorneys for Plaintiff*

*SERVED WITH COMPLAINT*

## IN THE CIRCUIT COURT FOR SHELBY COUNTY, TENNESSEE

F I L E D

MAR 29 2021

CIRCUIT COURT CLERK

BY_____D.C.

| | |
|---|---|
| Ricky Fryar _____ | ) |
| _____ | ) |
| Plaintiff, | ) |
| Vs. | )   No. CT-259-21 |
| Kroger Co, Kroger Limited Partnership I | )   VIIC |
| Assembled Products Corporation of Roger Arkansas | ) |
| Defendant. | |

### COST BOND

I/We, Ricky Fryar _____ as Principal(s), and
John Michael Bailey Injury Lawyers _____. as Surety are held and firmly bound unto
the Circuit Court Clerk of Shelby County, Tennessee for the payment of $500.00
Surety costs against the principal(s). To that end, we bind ourselves, our heirs,
executors and administrators.

  The Principal(s) is/are commencing legal proceedings in the Circuit Court
for Shelby County, Tennessee. If the Principal(s) shall pay(s) $500.00 costs,
which are adjudged against them, then this obligation is void. If the Principal(s)
fail(s) to pay, then the surety shall undertake to pay $500.00 costs adjudged
against the Principal(s) mandated at Tennessee Code Annotated § 20-12-120 et
seq.

### PRINCIPAL(S)

| | |
|---|---|
| Ricky Fryar _____ | Principal _____ |
| Principal | Social Security # _____ |
| Social Security #   XX-XX-XXXX | |
| 1470 John Ridge Dr. | |
| Street Address | Street Address |
| Collierville, TN 38017 | |
| City, ST, Zip | City, TN, Zip |
| Employer | Employer |
| Employer's Street Address | Employer's Street Address |
| City, ST, Zip | City, ST, Zip |
| John Michael Bailey Injury Lawyers | |
| Surety | Surety |

### SURETY

| | |
|---|---|
| John Michael Bailey Injury Lawyers | 5978 Knight Arnold Road, Suite 400 |
| Surety | Street Address |
| *Et P. L* | Memphis, TN 38115 |
| Signature | City, ST, Zip |